1  GEORGE S. CARDONA
   Acting United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   DOROTHY C. KIM (SBN # 206333)
4  Assistant United States Attorney
   Environmental Crimes Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:  (213) 894-3779
7       Facsimile:  (213) 534-4300
        E-mail: dorothy.kim@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      )   No. CR 07 - 00246
                                   )
13              Plaintiff,         )   PLEA AGREEMENT FOR DEFENDANT
                                   )   SOUTHWEST PLATING COMPANY
14              v.                 )
                                   )
15  SOUTHWEST PLATING COMPANY,     )
                                   )
16              Defendant.         )
                                   )

17

18       1.    This constitutes the plea agreement (the "Agreement")

19  between SOUTHWEST PLATING COMPANY ("defendant") and the United States

20  Attorney's Office for the Central District of California ("the USAO")

21  in the above-captioned case involving the unlawful storage of

22  hazardous wastes without a permit.  This Agreement is limited to the

23  USAO and cannot bind any other federal, state or local prosecuting,

24  administrative or regulatory authorities.  The parties enter into the

25  following Agreement pursuant to Federal Rule of Criminal Procedure

26  11(c)(1)(C).

27

28

PLEA

2.   Defendant gives up the right to indictment by grand jury and agrees to plead guilty to a one-count Information in United States v. Southwest Plating Company, charging the unlawful storage of hazardous wastes without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A).

3.   Defendant will enter its guilty plea through its counsel of record, authorized by resolution of defendant's Board of Directors, or authorized corporate or company officer.

NATURE OF THE OFFENSE

4.   In order for defendant to be guilty of the unlawful storage of hazardous wastes without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A), the following must be true: (1) defendant knowingly stored the substance identified in the Information, namely, corrosive wastes having a pH less than or equal to 2.0, without a permit; (2) the substance identified in the Information was hazardous waste; (3) defendant knew the substance was potentially harmful to others or potentially harmful to the environment; and (4) defendant knew that it was acting without a permit.

Defendant admits that defendant is, in fact, guilty of the offense as described in count one of the Information.

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871, 877 (9th Cir. 1979); United States v. Hilton Hotels Corporation, 467 F.2d 1000, 1004-07 (9th Cir. 1972).

## PENALTIES AND RESTITUTION

5.    The statutory maximum sentence that the Court can impose on an organization for a felony conviction of 42 U.S.C. § 6928(d)(2)(A) is a term of five years probation, pursuant to 18 U.S.C. § 3561(c)(1), a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross loss or gain resulting from the offense, whichever is greater, pursuant to 18 U.S.C. § 3571(d), and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

6.    Defendant agrees to assess, clean up and remediate the pollutants at issue in this matter to the satisfaction of any local, state, or federal regulatory agency having jurisdiction in this matter, including, but not limited to, the following: Bureau of Sanitation; Los Angeles County Fire Department, Health Hazardous Materials Unit; California Department of Toxic Substances Control; and United States Environmental Protection Agency.  Moreover, defendant agrees to abide by and follow any lawful orders issued by any local, state, or federal regulatory agency having jurisdiction over its business facility.

7.    Defendant agrees to pay full restitution to the victims of the offense, including the Bureau of Sanitation and the California Department of Toxic Substances Control ("DTSC"), who responded to and took samples of the pollutants and hazardous wastes at issue. Defendant agrees that, in return for the USAO's compliance with its obligations under this Agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted pursuant to this Agreement as well as all relevant conduct in connection with those charges.  Defendant further agrees that

3

1  defendant will not seek the discharge of any restitution obligation,

2  in whole or in part, in any present or future bankruptcy proceeding.

3  The parties presently believe that the amount of restitution will be

4  $11,977.32 to the Bureau of Sanitation and $18,347.37 to the DTSC.

FACTUAL BASIS

6      8.   Defendant and the USAO agree and stipulate to the following

7  statement of facts:

8          a.   In 2003, defendant was doing business as Southwest

9  Plating Company (the "business"), located at 1344 and 1348 West

10 Slauson Avenue, Los Angeles, California.   The business was primarily

11 involved in electroplating metal parts.   As part of its operations,

12 the business generated wastewaters in its electroplating and rinse

13 tanks, as well as hazardous wastes that were accumulated in drums on

14 its premises.

15         b.   Approximately once a week prior to and during 2003, at

16 the direction of defendant's manager, employees of the business used

17 five gallon buckets to empty the wastewaters contained in the rinse

18 water tank and degreaser bath, which were thereafter dumped via a

19 funnel into a floor drain (the "drain") located within an employee

20 lunch area on the premises of the business.   Specifically, on the

21 following dates, among others, wastewaters containing free and total

22 cyanide concentrations in excess of 5 and 10 ppm, respectively (the

23 "wastewaters"), were dumped into the drain: 4/3/03; 4/8/03; 5/12/03;

24 5/27/03; 5/28/03; and 5/29/03.   On those dates, the Bureau of

25 Sanitation maintained and enforced pretreatment standards that

26 prohibited the discharge of wastewaters having concentrations of free

27 and total cyanide in excess of 5 and 10 ppm, respectively.

28         c.   The drain was connected to a POTW operated and

4

maintained by the Bureau of Sanitation and discharged into a sewer line on West 58th Place.  The business, however, was not permitted by the Bureau of Sanitation to discharge any industrial wastewaters into the drain.

        d.  On or about May 30, 2003, drums and containers containing hazardous wastes, namely, corrosive wastes having a pH less than or equal to 2.0, had been stored on the premises of the business for more than 90 days without a permit issued by the DTSC pursuant to RCRA.  On that date, defendant's manager was aware that such wastes were stored on the premises and that the premises had no permit to store such wastes.  On that date, defendant's manager was aware that the wastes were potentially harmful to others and the environment.

## WAIVER OF CONSTITUTIONAL RIGHTS

9.  By pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to the assistance of counsel at trial.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

    f.  The right to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.

<u>SENTENCING FACTORS</u>

10.   Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to the environment. Defendant and the USAO therefore jointly agree that the following sentence is appropriate:

a.   Defendant shall pay a total criminal fine of $150,000, with $75,000 of that fine suspended for use in community service projects as set forth below in paragraph 15.  Payment of $75,000 of the criminal fine shall be made in the form of a cashier's check payable to the Clerk of the United States District Court on or before the date of defendant's sentencing.  Payment of the community service amounts set forth below in paragraph 15, shall be made in the form of a check(s) payable to the funds or foundations designated by the USAO within seven days of the date of sentencing or June 29, 2007, whichever occurs later.

b.   Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall also be sentenced to a term of probation of three years, based upon the following factors set forth in 18 U.S.C. § 3553(a): The nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

11.   Defendant agrees to pay to the Clerk of the Court for the United States District Court for the Central District of California on the date of sentencing (or as soon as the Court is able to accept the

6

1  payment) the mandatory special assessment of $400 pursuant to 18

2  U.S.C. § 3013(a)(2)(B).

3      12.   There is no agreement as to defendant's criminal history or

4  criminal history category.

5      13. The Court will determine the facts and calculations relevant

6  to sentencing and decide whether to agree to be bound by this

7  agreement.   Both defendant and the USAO are free to: (a) supplement

8  the facts by supplying relevant information to the United States

9  Probation Office and the Court, and (b) correct any and all factual

10 misstatements relating to the calculation of the sentence.

11     14.   Defendant understands and agrees that this agreement is

12 entered into pursuant to Federal Rule of Criminal Procedure

13 11(c)(1)(C).   So long as defendant does not breach the agreement,

14 defendant may withdraw from this agreement and render it null and void

15 if the Court refuses to be bound by this agreement.   The USAO may, in

16 its discretion, withdraw from this agreement and render it null and

17 void if the defendant breaches this agreement or the Court refuses to

18 be bound by this agreement.

19 COMMUNITY SERVICE

20     15.   As noted above in paragraph 10(a), the parties agree that

21 $75,000 of the total criminal fine amount of $150,000 be suspended for

22 the explicit purpose of defendant applying the suspended amount to

23 performing community service pursuant to §8B1.3 of the Federal

24 Sentencing Guidelines and in furtherance of the sentencing principles

25 provided for under 18 U.S.C. § 3553(a).   The explicit goal of

26 defendant's required community service is to fund environmental

27 projects and initiatives designed for the benefit, preservation, and

28 restoration of the environment and ecosystems in the Central District

7

of California, including the waters along the counties of Los Angeles, Orange, Ventura, Santa Barbara, and San Luis Obispo, as well as those along the Channel Islands. These projects and initiatives are to include, but are not limited to, the following: monitoring, study, restoration, and preservation of fish, wildlife, and plant resources; monitoring, study, clean up, remediation, sampling, and analysis of pollution and other threats to the environment and ecosystem; research, study, planning, repair, maintenance, education, and public outreach relating to the environment and ecosystem; and enforcement of environmental and wildlife protection laws. Accordingly, defendant agrees that within seven days after sentencing, or by June 29, 2007, whichever occurs later, defendant shall pay a total of $75,000 to the agencies and foundations to be designated by the USAO at or before the date of sentencing.

16. Defendant agrees that because the payments to the agencies designated by the USAO are community service by an organization, defendant will not seek any reduction in its tax obligations as a result of such community service payment. Defendant further agrees that because these payments are part of a criminal settlement agreed upon in this Agreement, defendant will not characterize, publicize, or refer to the payment as anything other than a community service payment made as a condition of probation incidental to a criminal conviction.

DEFENDANT'S OBLIGATIONS

17. Defendant agrees:

a. To plead guilty as set forth in this agreement.

b. To abide by all sentencing stipulations contained in this agreement.

8

c.    To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

d.    Not to commit any crime.

e.    To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f.    To pay the applicable special assessment at or before the time of sentencing.

## THE USAO'S OBLIGATIONS

18.   If defendant complies fully with all defendant's obligations under this Agreement, the USAO agrees to abide by all sentencing stipulations contained in this Agreement.

## BREACH OF AGREEMENT

19.   If defendant, at any time between the execution of this Agreement and defendant's sentencing knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this Agreement.

20.   Following a knowing and willful breach of this Agreement by defendant, should the USAO elect to pursue any charge that was not filed as a result of this Agreement, then:

a.    Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the USAO's discovery of any knowing and willful breach by defendant.

b.    Defendant gives up all defenses based on the statute of

9

limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this Agreement.

### LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is that agreed to in paragraph 10 above. Defendant also gives up any right to bring a post-conviction attack on the conviction or sentence, except a post-conviction attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 10 above.

### SCOPE OF AGREEMENT

23. The Court is not a party to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

24. This Agreement applies only to crimes committed by defendant, has no effect on any proceedings against defendant not expressly mentioned herein, and shall not preclude any past, present, or future forfeiture actions or other civil actions.

25. This Agreement does not prevent the USAO from prosecuting any individual or other organization for any offense, including the offense charged in the Information.

<u>NO ADDITIONAL AGREEMENTS</u>

26.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This Agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney


_____          April 3, 2007.
DOROTHY C. KIM                    Date
Assistant United States Attorney


As an authorized representative of defendant SOUTHWEST PLATING COMPANY ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney.  I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement.  No promises or inducements have been made to me other than those contained in this

11

agreement.   No one has threatened or forced me in any way to enter
into this agreement.   Finally, I am satisfied with the representation
of defendant's attorney in this matter.

_____          3-14-07
Authorized Representative          Date
of SOUTHWEST PLATING COMPANY
Defendant

        I am defendant's attorney.   I have carefully discussed every part
of this Agreement with the authorized representative of defendant.
Further, I have fully advised the authorized representative of
defendant's rights, of possible defenses, of the Sentencing
Guidelines' provisions, and of the consequences of entering into this
agreement.   To my knowledge, the decision of defendant and its
authorized representatives to enter into this agreement is an informed
and voluntary one.

_____          3/15/07
RICHARD P. CRANE, JR.              Date
Counsel for Defendant
SOUTHWEST PLATING COMPANY

12

## CERTIFICATE OF SERVICE

I, <u>KAREN A.GLANZ</u>, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that <u>April 5, 2007</u>, I deposited in the United States mails in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope bearing the requisite postage, a

copy of: addressed to: PLEA AGREEMENT FOR DEFENDANT SOUTHWEST PLATING COMPANY

Richard P. Crane, Esq.
Kirkpatrick & Lockhart
10100 Santa Monica Blvd., 7th Fl
Los Angeles, CA 90067

at <u>his</u> last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on <u>April 5, 2007</u>, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_Karen glanz_
KAREN A. GLANZ